UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                        Case No. 05-80742

PAUL GOREE,                                                    Hon. AVERN COHN

      Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO SUPPRESS**

I.

This is a criminal case.  Defendant is charged with a violation of 18 USC §922(j) - Possession of a Stolen Firearm.  The firearm, a revolver, belonged to an agent of the Bureau of Alcohol, Tobacco & Firearms (ATF).  It was stolen from a hotel room in Ypsilanti, Michigan, and found in defendant's home.  Before the Court is defendant's "motion to suppress all physical evidence seized from and statement made by [defendant] pursuant to the warrantless search of his home and resulting custodial interrogation of [defendant] during that search."  An evidentiary hearing was held on June 30, 2005.

For the reasons which follow the motion is GRANTED as to the statement and DENIED as to the physical evidence.  The reasons follow.

1

II.

On the evening of December 11, 2002 an ATF agent reported that his five-shot revolver was missing from his hotel room in Ypsilanti, Michigan. There were no signs of forced entry. Suspicion immediately focused on the hotel staff. The key system of the hotel used electronically coded plastic cards. Investigation disclosed that a master key had been used to enter the room. Access to the room by the master key was traced to one of two housekeeping employees; one of the employees was defendant. A LEIN check gave a Washtenaw County Deputy Sheriff investigating the theft defendant's home address.

Three ATF agents and two Washtenaw County Deputies went to defendant's home. His wife answered the door. After telling the wife that the officers wanted to talk to her husband, she let them in the home – an apartment home with direct entry. She pointed to an upstairs bedroom where she said her husband was asleep. Several of the officers followed the wife upstairs, entered the bedroom, then turned the light on and woke the defendant up. They had their revolvers drawn. They allowed defendant to dress and asked him to go downstairs with them. Defendant was then seated at a kitchen table. One of the officers asked defendant if they could search the home. Defendant said "okay." The search quickly disclosed a .38 caliber holster.

An officer said to defendant "you need to come clean." Defendant then told the officers where the revolver could be located. The revolver was found. Defendant gave the officer a written statement.

Up to this time, defendant had not been given his Miranda rights.

Defendant was then taken to a Washtenaw County Sheriff substation where, after being given his Miranda rights, he was interviewed by a Deputy Sheriff. The interview was

2

recorded.  Defendant in essence said he purchased the revolver from a fellow employee. Defendant said he thought it had been stolen.

A Deputy Sheriff prepared an Incident Report; the ATF Report of Investigation was prepared by an agent who had no personal knowledge of the events.

III.

A.

Defendant first argues that the officers were not entitled to enter defendant's home without a warrant and therefore all evidence obtained must be suppressed.  This argument lacks merit.  While officers may not enter a home to conduct a search without a warrant, there is an exception when voluntary consent is given.  Schneckloth v. Bustamonte, 412 U.S. 218 (1973).  Consent is voluntary if it is "the product of an essentially free and unconstrained choice by its maker," id. at 225, rather than "the product of duress or coercion, express or implied."  Id. at 227.

Here, the entry of the home was by consent.  There is no evidence that had the wife said "no," that the officers would have still entered the home.  As such, the officers were legally present in the home and then in the bedroom.

B.

Defendant also argues that his statement in the home subsequent to saying "yes" must be suppressed because he was not given his Miranda rights.  Before officers may interrogate a suspect in custody, Miranda rights must be given.  See Miranda v. Arizona, 384 U.S. 436 (1966).

Here, given the time of day and the number of officers present, defendant's statement in the home subsequent to saying "yes" to a search must be suppressed.

3

Defendant was not free to leave.  Under these circumstances, defendant was "in custody" for purposes of <u>Miranda</u> when he was questioned about the missing firearm.  Once the holster was found, defendant was clearly suspected of having stolen the revolver.  He should have been given his <u>Miranda</u> rights.  He was not.  Therefore, his statement is suppressed.

## C.

Defendant also argues that the finding of the holster and the revolved should be suppressed.  The Court disagrees.  The officers were entitled to conduct a protective sweep of the home for purposes of ensuring their safety, particularly since a revolver was involved.  See <u>Maryland v. Buie</u>, 494 U.S. 334-35 (1990).  As to the revolver, it was inevitable that it would be found.  Whether or not the consent to search once the holster was found was voluntary, the agents were entitled to expand their protective sweep under the circumstances.

## D.

Defendant also argues that his statement at the substation should be suppressed. This argument fails.  Defendant was advised of his <u>Miranda</u> rights and knew he did not have to answer questions.  His statements were voluntary.  The statements were recorded and transcribed.  There is nothing in the recording or the transcript to suggest coercion or mistreatment by the officers who questioned the defendant.

SO ORDERED.

s/ Avern Cohn
**AVERN COHN**
Dated: July 17, 2006                    **UNITED STATES DISTRICT JUDGE**
        Detroit, Michigan

4